UNITED STATES v. AMERICAN TOBACCO CO. et al.

(Circuit Court, S. D. New York. December 15, 1908.)

The following is the substance of the final decree in the above-entitled case (164 Fed. 700).

"Second. That the defendants, other than those against whom the petition is dismissed, have heretofore entered into and are now parties to combinations in restraint of trade and commerce among the several states and with foreign nations in leaf tobacco, products manufactured therefrom, and articles necessary or useful in connection therewith, in violation of the act of Congress approved July 2, 1890, entitled "An act to protect trade and commerce against unlawful restraints and monopolies" (Act July 2, 1890, c. 647, 26 Stat. 209 [U. S. Comp. St. 1901, p. 3200]). Wherefore, said defendants and each of them, their officers, agents, directors, servants, and employés, are hereby restrained and enjoined from directly or indirectly doing any act or thing whatsoever in furtherance of the objects and purposes of said combinations and from continuing as parties thereto.

"Third. That each of the defendants, the American Tobacco Company, American Snuff Company, American Cigar Company, American Stogie Company, and MacAndrews & Forbes Company, constitutes and is itself a combination in violation of the said act of Congress. Wherefore, defendants the American Tobacco Company, American Snuff Company, American Cigar Company, American Stogie Company, and MacAndrews & Forbes Company, together with the officers, directors, agents, and employés of each of them, are each and all hereby restrained and enjoined from further directly or indirectly engaging in interstate or foreign trade and commerce in leaf tobacco, or the products manufactured therefrom, or articles necessary or useful in connection therewith; but, if any of said last-named defendants can hereafter affirmatively show the restoration of reasonably competitive conditions, such defendant may apply to this court for a modification, suspension, or dissolution of the injunction herein granted against it.

"Fourth. The American Tobacco Company has acquired and now holds and claims to own some or all of the capital stock of the following corporations, defendants herein: F. F. Adams Tobacco Company, etc. The American Tobacco Company also claims to own a majority of the capital stock of the defendant corporation R. P. Richardson, Jr., & Co., Incorporated. The American Snuff Company has acquired and now holds and claims to own some or all of the capital stock of the following corporations named as defendants herein: American Cigar Company,' etc. The American Cigar Company has acquired and now holds and claims to own some or all of the capital stock of the following corporations named as defendants herein: Amsterdam Supply Company,' etc. P. Lorillard Company has acquired and now holds and claims to own some or all of the capital stock of the following corporations, defendants herein: American Snuff Company and Amsterdam Supply Company. R. J. Reynolds Tobacco Company has acquired and now holds and claims to own some or all of the capital stock of the following corporations, defendants herein: Amsterdam Supply Company, Liipfert-Scales Company, and MacAndrews & Forbes Company. Blackwall's Durham Tobacco Company has acquired and now holds and claims to own some or all of the capital stock of the following corporations, defendants herein: Amsterdam Supply Company, F. R. Penn Tobacco Company, Scotten-Dillon Company, and Wells-Whitehead Tobacco Company. Conley Foil Company has acquired and now holds and claims to own some or all of the capital stock of the defendant Johnston Tin Foil & Metal Company. Wherefore each and all of defendants, the American Tobacco Company, the American Snuff Company, the American Cigar Company, P. Lorillard Company, R. J. Reynolds Tobacco Company, Blackwell's Durham Tobacco Company, and Conley Foil Company, their officers, directors, agents, servants, and employés, are hereby restrained and enjoined from acquiring, by conveyance or otherwise, the plant or business of any such corporation wherein any one of them now holds or owns stock; and each and all of said defendant corporations so holding stock in other corporations as above speci-

fied, their officers, directors, agents, servants, and employés, aré further enjoined from voting or attempting to vote said stock at any meeting of the stockholders of the corporation issuing the same, and from exercising or attempting to exercise any control, direction, supervision, or influence whatsoever over the acts and doings of such corporation. And it is further ordered and decreed that each and every of the defendant corporations the stock of which is held by any other defendant corporation as hereinbefore shown, their officers, directors, servants, and agents, be and they are hereby respectively and collectively restrained and enjoined from permitting the stock so held to be voted by any other defendant holding or claiming to own the same, or by its attorneys or agents, at any corporate election for directors or officers, and from permitting or suffering any other defendant corporation claiming to own or hold stock therein, or its officers or agents, to exercise any control whatsoever over its corporate acts."